**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**TAUMARA NICOLE HILL,**

    **Plaintiff,**

**v.**                                       **Civil Action No. 3:19cv896**

**WAL-MART STORES EAST, LP,**

    **Defendant.**

## MEMORANDUM OPINION

On December 4, 2020, Plaintiff Taumara Nicole Hill filed a Motion for Reconsideration (the "Motion"), seeking to reopen this case. (ECF No. 15.) Defendant Wal-Mart Stores East, LP, ("Wal-Mart") responded in opposition (the "Opposition"). (ECF No. 16.) Hill did not reply and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. For the reasons that follow, the Court will deny the Motion for Reconsideration.

## I. Factual and Procedural Background

On October 16, 2019, Hill commenced her action against Wal-Mart in the Circuit Court for Henrico County. (ECF No. 1.) Wal-Mart timely removed the matter to this Court on December 4, 2019. (*Id.*) In her Complaint, Hill raised one count of negligence, alleging that on December 23, 2017, while shopping at a Wal-Mart store, she slipped "on a slick substance on the . . . floor" and suffered "serious and permanent injuries." (Compl. ¶¶ 9–10, ECF No. 1-1.) Hill specified that she fell in "the area . . . immediately adjacent to the produce displays" and that

"[t]he slick substance" that caused her to fall "was water that had been sprayed on the floor from the produce display." (*Id.* ¶¶ 12–13.) Hill sought $750,000 in damages. (*Id.* 6.)

On June 24, 2020, the Court received a motion to voluntarily dismiss the case without prejudice, signed by Counsel for Hill and Wal-Mart. (ECF No. 12.) That same day, the Court dismissed the case without prejudice. (ECF No. 14.)

Almost six months later, on December 4, 2020, the Court received the instant *pro se* Motion for Reconsideration. (ECF No. 15.) In the Motion, Hill claims her "lawsuit was dismissed on June 24, 2020 (the day before [her] deposition) without [her] authorization and without notice." (Mot. 1, ECF No. 15.) Hill avers she "received a hand delivered letter on June 25, 2020 (to sign) that advised [her] that [her lawyers] were no longer representing [her] and released [her] files on seven discs." (*Id.*) Hill claims she did "not receive any explanation for the separation nor did [she] agree to dismiss the lawsuit." (*Id.*) Also, on December 4, 2020, Hill initiated a separate civil action, in which she filed a motion for leave to proceed *in forma pauperis* to bring claims against Wal-Mart Stores East, LP, based on the same slip and fall incident. *See Hill v. Wal-Mart Stores East, LP*, No 3:20cv930. That action remains pending before this Court.

## II.  Standards of Review

### A.  Obligation to Construe *Pro Se* Pleadings Liberally

Because Hill proceeds *pro se* in the Motion, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Nonetheless, the requirement of liberal construction does not mean that the Court can

2

ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal

district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements

under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must

allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421

(E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and

develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise

on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL

4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

### B.    Standard of Review: Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following
> reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has been reversed or
> vacated; or applying it prospectively is no longer equitable; or, (6) any other reason
> that justifies relief.

Fed. R. Civ. P. 60(b). Providing relief under Rule 60(b) constitutes "an extraordinary remedy

that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for

Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United

States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a

threshold showing of timeliness,[1] 'a meritorious claim or defense,' and lack of unfair prejudice

---

[1] The Court construes the Motion as one motion filed pursuant to Federal Rule of Civil
Procedure 60(b). *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (explaining that motion filed
beyond time period for a Rule 59(e) Motion constitutes a Rule 60(b) Motion). Federal Rule of
Civil Procedure 60 requires that "[a] motion under Rule 60(b) . . . be made within a reasonable
time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or

to the opposing party." *Coleman v. Jabe,* 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram,* 652 F.3d 496, 501 (4th Cir. 2011)) (stating that even a "postjudgment change in decisional law . . . rarely provide[s] sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6)" (citations omitted)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)). Only after a showing of these "exceptional circumstances" may a Court find relief under one of the six factors.[2] *Mayfield,* 674 F.3d at 378.

### C.   Standard of Review: Rule 60(d)(3)

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court requires that a litigant show more than ordinary fraud by the opposing party. *Fox ex rel. Fox v. Elk Run Coal Co., Inc.,* 739 F.3d 131, 136 (4th Cir. 2014). The litigant must demonstrate that the fraud "not only . . . involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* Examples include "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express Inc. v. Int'l Bhd. Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 675 F.2d 1349, 1356 (4th Cir. 1982).

---

order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Hill filed the Motion for Reconsideration one-hundred and sixty-three days after the Court entered its June 24, 2020 Order dismissing the case without prejudice. Therefore, Hill filed it within one year of the Court's dismissal of her case, rendering the Motion timely under Rule 60. *See id.*

[2] Because Hill does not meet the threshold requirements of Rule 60(b), the Court need not reach the subsections of the Rule.

## III. Analysis

The Court finds that Hill fails to demonstrate that she has a meritorious claim or that exceptional circumstances warrant granting her Rule 60(b) Motion. To the extent Hill alleges fraud under Rule 60(d), her motion fails to establish the influence of fraudulent behavior on the Court. Lastly, the Court recognizes that Hill has initiated a new action against Wal-Mart in Case Number 3:20cv930 based on the same slip and fall incident, which allows her to pursue her requested relief.

### A. Because the Motion for Reconsideration Fails to State a Meritorious Claim and Does Not Establish Exceptional Circumstances, It Fails to Justify a Reversal of This Court's Decision

First, Hill "request[s] that [her] claim reopen as [she] seek[s] additional representation and retrieve[s] additional documents, information and evidence regarding [her] claim so that [she] may receive a fair trial as this is time sensitive." (Mot. 1.) Apart from claiming that she did not agree to the voluntary dismissal, Hill fails to identify why she meets the threshold requirements of Rule 60(b) or pursuant to which specific section of Rule 60(b) she brings her motion for reconsideration. This does not suffice to grant the extraordinary relief afforded to litigants under Rule 60(b).

Second, Hill does not show "exceptional circumstances" as required by Rule 60(b). *Dowell*, 933 F.2d at 48 (quoting *Werner*, 731 F.2d at 207). Simply requesting to reopen her claims, without valid legal arguments to support granting the Motion, does not rise to the level of demonstrating the "exceptional circumstances" required by Rule 60(b)(6). *Id.*

Moreover, to the extent that relief is sought under Rule 60(b)(1) for a mistake of law, Hill fails to demonstrate that the Court made any such mistake. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining that relief is available for an "obvious error of law,

apparent on the record," such as a decision that "conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law" (citations omitted)).

Lastly, relief under Rule 60(b) is an "extraordinary" remedy "and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). Hill fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of this action. And because the Court dismissed Hill's complaint without prejudice, she remains free to pursue her claims against Wal-Mart in her contemporaneously filed new *pro se* civil action. (*See* ECF No. 1, 3:20cv930.)

Because the Motion for Reconsideration fails to meet the threshold requirements of Rule 60(b), the Court next considers whether it satisfies Rule 60(d)(3).

**B.      Because Hill Does Not Establish the Influence of Fraudulent Behavior on the Court, Rule 60(d)(3) Does Not Provide a Basis for Reversing This Court's Decision**

Because Hill proceeds *pro se* and mentions in her Motion that she did not consent to the dismissal of her case, the Court evaluates whether she asserts fraud on the court as required for relief under Rule 60(d)(3). *Fox*, 739 F.3d at 136. The Court finds that the Motion for Reconsideration does not provide grounds for reversing the dismissal of this action based on fraud.

Hill fails to demonstrate that "the integrity of the court and its ability to function impartially is directly impinged" by the actions of the Counsel for Plaintiff and Defendant. *Great Coastal Express*, 675 F.2d at 1356. Hill states that she did not agree to the dismissal of her case, but she does not allege factual assertions that plausibly advance fraudulent conduct. Moreover, Hill does not articulate any undue influence that Counsel for Plaintiff and Defendant may have had over *this Court* and its rulings. Rule 60(d)(3) requires a demonstration of fraud

6

involving the judgment in question, or the ruling Hill is asking the Court to reverse. *See* Fed. R. Civ. P. 60(d)(3). Hill does not demonstrate any fraudulent activity related to this Court or its prior Orders, meaning her Motion similarly fails under Rule 60(d)(3).

The Court reiterates that it dismissed this case without prejudice after it received a jointly signed stipulation of dismissal. (ECF Nos. 12, 14.) Hill now has another action pending wherein she may litigate her claims against Wal-Mart if she so chooses. *See Hill v. Wal-Mart Stores East, LP*, No. 3:20cv930 (E.D. Va. filed Dec. 4, 2020).

## IV. Conclusion

For the reasons explained above, the Court will deny any request to modify or reopen this action. (ECF No. 15).

An appropriate order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: Jan. 12, 2021
Richmond, Virginia

7